# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL ACTION NO. 3:19-CR-00211-GCM-DCK

UNITED STATES OF AMERICA

v.

LAWRENCE JEFFREY BROOKS,

Defendant.

**ORDER**

**THIS MATTER** is before the Court on various pending pretrial filings by the parties: Defendant's Motion to Bifurcate or Sever Offenses (ECF No. 59); a motion *in limine* by the government (ECF No. 122), Defendant's Motion for Issuance of Subpoenas at the Government's Expense (ECF No. 136), and three *pro se* motions to dismiss by the defendant (ECF Nos. 117, 123, 128). The Court will grant the government's motion in limine in part and will deny all the other motions.

## I. BACKGROUND

Defendant Jeffrey Lawrence Brooks is awaiting trial for drug trafficking and firearms offenses. Brooks was under investigation by a Drug Enforcement Administration (DEA) task force. On May 14, 2019, members of the task force watched Brooks leave his apartment carrying a gray backpack. Brooks drove to a storage facility, where he entered a unit with the backpack. When Brooks emerged from the storage unit, still carrying the backpack, the officers decided to conduct a traffic stop.

During the traffic stop, police searched Brooks' vehicle and found the gray backpack, along with a black backpack. Inside the gray backpack there was approximately a pound of

methamphetamine. The black backpack contained two pistols: a Kel-Tec 9mm, and a Smith & Wesson 9mm. The police then placed Brooks under arrest.

Task force officers executed search warrants at Brooks' apartment and the storage facility. They found approximately 17 pounds of methamphetamine in the storage unit. There were also drugs, paraphernalia, and two more guns (a Norinco SKS rifle and a Ruger .380 pistol) in Brooks' home.

On September 17, 2019, a federal grand jury charged Brooks in a superseding indictment with (1) one count of drug trafficking conspiracy in violation of 21 U.S.C. §§ 841 and 846; (2) three counts of possession with intent to distribute methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; (3) two counts of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c); and (4) two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). ECF No. 22.

## II. DISCUSSION

### a. Motion to Sever or Bifurcate (ECF No. 59)

Brooks first moves to sever "the charge of 18 U.S.C. § 924(c), which will inevitably reveal to the jury that the defendant is a convicted felon."[1] ECF No. 59 at 1. In the alternative, Brooks asks for a bifurcated trial "to prevent jurors from learning about his alleged prior felony conviction, unless and until the jury finds that he knowingly possessed a firearm that traveled, or had been transported, in interstate commerce." *Id*. The Court will deny the motion.[2]

---

[1] It appears that Brooks intends to refer to his felon-in-possession counts, which require proof of a prior felony conviction. *See generally* 18 U.S.C. § 922(g)(1).

[2] The motion was accompanied by a request for a hearing. That request will be denied because no hearing is necessary on the motion. The factual record has been sufficiently developed by the various suppression motions, the applicable authorities are not in dispute, and the trial is now less than a week away. *See* Fed. R. Crim. P. 12(c) (reflecting that a district court "may" schedule a motion hearing on a pretrial motion).

2

Motions to sever are governed by Rules 8 and 14 of the Federal Rules of Criminal Procedure. Federal Rule of Criminal Procedure 8(a) provides:

> Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The Fourth Circuit has consistently "interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a 'logical relationship' to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (quoting *United States v. Hirschfeld*, 964 F.2d 318, 323 (4th Cir. 1992)). In defining the bounds of a "logical relationship," the Fourth Circuit has noted "[s]uch a relationship exists when consideration of discrete counts against the defendant paints an incomplete picture of the defendant's criminal enterprise." *Id.* (internal quotations omitted).

Defendant argues that joinder of the charges is improper because "the government has not linked the guns to the drugs." ECF No. 63 at 27. Brooks relies on *United States v. Hawkins*, 776 F.3d 200 (4th Cir. 2015). In *Hawkins*, the Fourth Circuit ruled that the district court erred by joining the defendant's carjacking and § 924(c) counts with a third count of felon in possession of a firearm. The defendant used a .357 caliber revolver to commit a carjacking on November 22, 2006. *Id.* at 202. On December 9, 2006, officers arrested defendant while investigating an unrelated incident, recovering a 9-millimeter pistol from his waistband. *Id.* at 203. The Fourth Circuit reasoned that there was "no similarity in the connection between these three different counts," concluding the firearm by felon count should have been severed from the first two counts related to the carjacking. *Id.* at 208.

The facts of Defendant's case create a clear distinction from those in *Hawkins*. The firearms charges at issue were all related to the events of May 14, 2019. Brooks left his residence with a gray backpack in his hand, drove to a storage facility, and exited the vehicle with the gray backpack. He returned to his vehicle with the same gray backpack, and left the storage facility. Police then stopped Brooks and searched his vehicle, finding the gray backpack which contained methamphetamine, along with another bag containing two firearms. Following the discovery of the drugs and guns in the vehicle, officers searched the storage facility and Defendant's residence. Within the storage unit, officers seized eight kilograms of methamphetamine. Within Defendant's residence, officers seized two more firearms.

The Court concludes that joinder of offenses is proper in this case. Brooks' firearm charges were "based on the same act or transaction" as his drug offenses, in that they are substantially related to the events of May 14, 2019. The charges also "constitute[d] parts of a common scheme or plan" in that they are related to a drug trafficking conspiracy. There is no merit in Brooks' argument that the guns are not connected to the drugs. As the Fourth Circuit recognizes, firearms are generally considered "tools of the trade" in the narcotics business. *See United States v. Grogins*, 163 F.3d 795, 799 (4th Cir. 1998). More importantly, there is significant evidence that the guns were directly related to Brooks' alleged trafficking activities. Guns and drugs were recovered at the same time from Brooks' vehicle; guns and drugs were recovered at the same time from Brooks' home; and Brooks allegedly gave a weapon to one of his drug couriers. *See* ECF No. 100 at 11.

Because joinder under Rule 8(a) was proper, "the defendant's only recourse is to convince the court that the charges should be severed under Rule 14—a difficult task." *United States v. Blair*, 661 F.3d 755, 768 (4th Cir. 2011). Rule 14 reads in relevant part: "If the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of

counts . . . or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Under that rule, a properly joined claim "may be severed only if there is a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence." *Blair*, 661 F.3d at 768 (cleaned up). The burden is on the defendant to prove joinder is "so manifestly prejudicial that it outweigh[s] the [dominant] concern with judicial economy." *United States v. Acker*, 52 F.3d 509, 514 (4th Cir. 1995) (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)).

Brooks has not made the requisite showing. Allowing the jury to learn that Brooks was previously convicted of a crime punishable by more than a year of imprisonment would not be "so manifestly prejudicial" that it would "prevent the jury from making a reliable judgment about guilt or innocence." *Id.*; *Blair*, 661 F.3d at 768. To the extent that evidence of Brooks' prior criminal record could prejudice him at trial, Brooks is free to make appropriate objections or to seek a limiting instruction. *See* Fed. R. Evid. 105; *United States v. Larouche*, 896 F.2d 815, 831 (4th Cir. 1990) ("Curative instructions given to the jury by the district court go a long way in eliminating any prejudice resulting from the spillover effects of joinder."). The motion will therefore be denied.

### b. Government's Motion in Limine (ECF No. 122)

The United States moves *in limine* for an order "precluding examination of witnesses, or argument, in conflict with the Court's findings and conclusions in denying the Defendant's motion to suppress." ECF No. 122 at 1. The government also requests a special jury instruction instructing the jury that the various searches in this case were lawful.

The Court has already ruled as a matter of law that the traffic stop, search of Defendant's vehicle, search of the Morningstar Storage common areas and unit #2404, and the seizures accompanying those searches were lawful under the Fourth Amendment. *See* ECF Nos. 121 & 179. Examination or argument from counsel to the contrary is improper and irrelevant. *See* Fed.

5

R. Evid. 401. The Court will therefore grant the motion in part, precluding any inquiry or argument related to the legality of the various searches.

The government's proposed special instruction will be denied without prejudice as premature. There is simply no need for a curative instruction unless and until prejudicial or irrelevant information comes into evidence—and given the Court's ruling on the motion *in limine*, this should not occur. In the event that the need for the special instruction arises, the government may renew its motion.

### c. Motion for Subpoena at Government Expense (ECF No. 136)

Brooks previously moved for the issuance of subpoenas at government expense. He sought to subpoena two police officers for a May 10, 2021 trial date. That trial was continued, and the requested relief is now moot. The Court will deny the motion.

### d. Motions to Dismiss (ECF Nos. 117, 123, 128)

While awaiting trial, Defendant filed three *pro se* motions, alleging various grounds for the dismissal of all charges against him. (ECF Nos. 117, 123, 128). Brooks is represented by counsel. Accordingly, he "has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel." *United States v. Carranza*, 645 F. App'x 297, 300 (4th Cir. 2016) (citing *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). The Court is under no obligation to consider the motions, and they will be denied.

### III. ORDER

**IT IS THEREFORE ORDERED** that:

1. The Motion to Sever or Bifurcate (ECF No. 59) is **DENIED**.
2. The Motion in Limine (ECF No. 122) is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**, as stated in this Order.

6

3. The Motion for Subpoena at Government Expense (ECF No. 136) is **DENIED AS MOOT**.

4. The Motions to Dismiss (ECF No. 117, 123, 128) are **DENIED**.

    **SO ORDERED**.

Signed: April 26, 2022

*[Signature]*

Graham C. Mullen
United States District Judge

7

Case 3:19-cr-00211-GCM-DCK   Document 183   Filed 04/27/22   Page 7 of 7