IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19CR211-FDW

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAWRENCE JEFFREY BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant's motion for a sentence reduction under 18 U.S.C. § 3582. (Doc. No. 215). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The Court has reviewed Defendant's motion and finds that he has failed to assert that he made a request to the warden of his facility.

Even if he had satisfied the exhaustion requirement, however, Defendant fails to show any extraordinary or compelling reasons to modify his sentence. His motion merely asserts what he alleges are errors in his presentence report and his sentencing. The Court finds these arguments baseless, but even if they had some merit, they would not be cognizable in a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) (finding that "[b]ecause [18 U.S.C.] § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as a motion for compassionate release, to sidestep § 2255's requirements).

1

IT IS THEREFORE ORDERED that Defendant's motion for sentence reduction is hereby DENIED.

Signed: April 22, 2026

Frank D. Whitney
Senior United States District Judge

2